Deering and others, -Appellants, vs. Hoeft, Respondent.

*September 5 — September 24, 1901.*

*Fraud: Misrepresenting contents of writing: Evidence: Court and jury.*

In an action upon a written order for the purchase of a self-binder, given by a farmer unable to read English, the evidence — stated in the opinion — is *held* not sufficiently strong and cogent to sustain a finding of the jury that the vendor's agent misrepresented the contents of the order to the vendee.

Appeal from a judgment of the circuit court for Marquette county: R. G. Siebecker, Circuit Judge. *Reversed.*

The plaintiffs sue to recover the price of a self-binder. The action is based upon a written order dated June 14, 1900, addressed to Hamilton Bros., as the agents of plaintiffs. It is signed by the defendant with his mark and calls for "one Ideal binder, complete." The machine was warranted to be well made, of good materials, and, with proper care and management, durable and capable of doing good work. The purchaser was to have one day to give it a fair trial, and if it did not work well written notice was to be given to the agent from whom purchased, or to some general agent of the company, and a reasonable time allowed to repair it. If it failed to work it was to be returned and a new machine taken or the purchase price refunded. Defendant was to pay $105 cash and an old reaper. The complaint alleges the machine was delivered about July 1, 1900, and has not been paid for. The answer denied ever having signed any contract for the purchase of the binder. It was alleged that plaintiff's agent came to him in the month of June, 1900, and represented that he desired to sell one of the latest and most approved of their new machines, and that, if the defendant would take one, if it suited him he might keep it and pay for it, but if it did not he might re-

turn it at any time.  Relying on these representations, he was induced to take a binder.  The agent produced a paper for defendant to sign, and represented that it was an order for a machine on the terms stated.  The defendant is a German and cannot read English.  The writing was not read to or explained to him, and he did not understand the contents thereof.  Relying upon these representations, he signed the paper, and received a machine.  Before he left the village of Westfield, where delivery was made, he discovered that the machine was not a new one; that it was old style, weather-beaten, and not the latest improved machine.  He refused to keep the machine, and returned it to plaintiffs' agents the same day.  He offered to take a new machine, but this was refused.

A jury trial was had, and a special verdict rendered as follows:

"Was it understood and agreed between *Mr. Hoeft*, the defendant, and Mr. Percy, the plaintiff's agent, at the time the written contract was signed, that *Mr. Hoeft* might take the machine and keep it if satisfied with it, and if he was not satisfied with it he could return it at any time and need not pay for it?  *A.* Yes.   *Q.* If your answer to the first question is 'Yes,' then answer this question: Did Mr. Percy, the plaintiff's agent, falsely represent to *Mr. Hoeft*, when the contract was made in writing and read to defendant, that it contained the agreement and stipulation as specified and set out in question No. 1?  *A.* Yes.  *Q.* Was *Mr. Hoeft*, the defendant, induced to sign the written contract offered in evidence and purchase a machine upon the ground that he believed and understood it contained a stipulation as specified and set out in question No. 1?  *A.* Yes."

The plaintiffs' evidence showed that the order mentioned was signed by defendant after it had been correctly read to him, and a copy thereof given to him; that about June 27th the defendant called for the machine, which was loaded in his wagon, and taken away.  The machine so delivered was a Deering Ideal of the make of 1899.  The defendant's

testimony as to what occurred at the signing of the contract is as follows:

"I can't read English. I am the defendant in this case. I signed a paper that day. He told me what the paper was. He said that was a new binder he sold me; a new binder. He said he sell me a new binder what make me satisfied. I take it out if he don't. I don't care. I told him if I had it on my wagon or on my farm, if I don't like it I took it back to him. He said: 'All right, bring it any time. If you don't like it you shan't take it. I make you satisfied.' *Q.* State whether or not that is what he said that writing contained. (Objected to as leading.) *Court:* He may answer that. Did he say that was in the paper? *A.* I don't understand. *Q.* Did this man Percy say that was in this paper? *A.* Yes, sir."

He admitted that the agent read the whole paper to him and gave him a copy. He claimed the machine was delivered to him the Wednesday after the contract was signed; that it was hurriedly loaded into his wagon, and he drove away a few rods, when some of his neighbors called his attention to the machine. He looked it over, and found it was rusty, weather-beaten, and the paint was coming off in places. He drove back to the agent's warehouse and demanded a new machine, which was refused unless he paid an advanced price. He unloaded and left the machine. The testimony of other witnesses was to the effect that the machine was somewhat rusty and the paint was faded and weather-worn.

After the verdict was rendered, plaintiffs moved for judgment. The motion was denied. They then made a motion for a new trial on the ground that the verdict was contrary to the law and the evidence, and for misdirection of the jury. This motion was also denied, and a motion for judgment for defendant was granted. These orders were duly excepted to. The plaintiffs appealed from the judgment in favor of defendant for costs.

For the appellants there was a brief by *Erdall & Swansen*, and oral argument by *Sam. T. Swansen*.

*Daniel H. Grady*, for the respondent.

Deering and others vs. Hoeft.

BARDEEN, J. This action is based upon a written order signed by the defendant for the purchase of an Ideal binder, manufactured by the plaintiffs. The defense is that the defendant was induced to sign said order upon the representation of plaintiffs' agent that it was in accord with a verbal agreement to the effect that defendant might take the machine and keep it if satisfied with it, and if not satisfied with it he could return it at any time and not pay for it. The jury found the issue for defendant as stated in the special verdict, and this finding is now challenged on the ground that the fraud alleged and found to have been perpetrated on the defendant by the misreading of the order was not established by that degree of proof that the law requires.

The facts are not numerous or complicated. The plaintiffs' agent claims, and the defendant admits, that after they had their talk about the sale and purchase of the machine the written order was drawn up, was read to defendant by the agent at length, and then signed, and a copy of the order was delivered to defendant. The agent testifies that he read the order to him correctly. The defendant admits the whole order was read to him, but he claims that he cannot read English, and that he was deceived as to the contents of the order signed. His testimony as to the fact of deception is very meager and unsatisfactory. He does not claim that he misunderstood what was read to him. He does not testify, except in an indirect way, that his version of what the contract was was read to him by the agent. After reciting the talk had with the agent, and giving his understanding of the verbal contract, he was asked by his counsel to state whether or not that is what he (the agent) said the writing contained. To this he answered that he did not understand. He was then asked, "Did this man Percy say that was in this paper?" The answer was, "Yes, sir." This is all the testimony given by him to the effect that the order was misread to him. On the one side we have a solemn written in-

strument, setting out at length the exact engagement of the parties. We have the testimony of the agent that he read the entire order to the defendant, who understood English, and who could talk with some degree of volubility; that he read it correctly and as written. We have also the admission of the defendant that the order was read to him, and no claim on his part that he did not understand what was read to him. Opposed to this we have merely the meager and unsatisfactory statement of the defendant, set out at length in the statement of facts and referred to above.

In absence of fraud or imposition, a man cannot relieve himself from the obligation of a written agreement by saying he did not read it when he signed it, or did not know what it contained. *Sanger v. Dun,* 47 Wis. 615; *Albrecht v. M. & S. R. Co.* 87 Wis. 105; *Jackowski v. Illinois S. Co.* 103 Wis. 448; *McGowan v. Supreme Court I. O. F.* 107 Wis. 462. Here it was claimed there was fraud and imposition, but it is based upon testimony of such loose and flimsy character as that, if the written order stood alone, one would hesitate to turn the scale in defendant's favor. The evidence of plaintiffs' agent, although a somewhat interested party, is entitled to some weight. He is corroborated in the fact that the entire contract was read to defendant, and by the further fact that the defendant does not claim he misunderstood what was read to him. His only claim is that the agent told him that their verbal talk was embodied in the written order. The general rule is that fraud and imposition must be shown by clear and satisfactory evidence. The amount or weight of proof sufficient to show it is not a matter of exact legal definition. The proof, however, must be so strong and cogent as to satisfy a man of sound judgment of the truth of the claim. Bump, Fraudulent Conveyances, § 619. We disturb the finding of the jury with some reluctance, but we cannot persuade ourselves that the evidence in this case fulfills the requirements of

the law. It falls very much short of being so clear and satisfactory as to overcome the evidence against it.

The question of whether the delivery of a machine of the make and in the condition this was when delivered was a compliance with the requirements of the written order was not litigated on the trial, and cannot now be considered.

*By the Court.*— The judgment is reversed, and the cause is remanded for a new trial.