Morstad v. A., T. & S. F. Ry. Co., 23 N. M., 663

(No. 1828.   February 1, 1918.)

# MORSTAD v. ATCHISON, T. & S. F. RY CO

## SYLLABUS BY THE COURT.

1.   A single act of negligence, except in rare instances, is insufficient to establish incompetency of a fellow servant.

P. 667.

2.   (a) Section 16 of article 20 of the Constitution, abrogates the common-law fellow-servant doctrine in this jurisdiction as applied to railroads.   (b) A complaint which charges the master with negligence in the employment of an incompetent fellow servant, and which charges the fellow servant with negligence, is a complaint alleging two concurrent causes operating to effectuate an injury, and proof of either will be sufficient to entitle the plaintiff to recover.

P. 668.

3.   Ordinarily it is the duty of every person to read a contract before he signs the same, if he can read, and it is as much his duty to have the same read and explained to him before he executes it, if he cannot read or understand it. If he fails in this regard, he will ordinarily be estopped to deny his contract. An exception to the rule, or what may be termed another and different rule, exists, and has application in certain circumstances. It is to the effect that where fraud or misrepresentation enters into the contract, the same may be avoided by the defrauded or deceived party under proper circumstances.        P. 669.

4.   It is competent to show by parol that the consideration for a contract was greater or less than or different from the one expressed.        P. 672.

5.   A question not raised in the court below will not be considered on appeal.        P. 672.

6.   Although the trial court erroneously refused a motion of the defendant for an instructed verdict in its favor, for which the cause will be reversed, still where it does not appear from the record that the plaintiff may not be able to show upon another trial his right to a recovery, it is

proper to remand the case, with instructions to award a new trial, rather than to remand the case, with instructions to enter the judgment which should have been entered in the first instance.                                                    P. 673.

7. Ordinarily "incompetency" relates to incapacity, either physical or mental, to perform the act in question, while "negligence" ordinarily implies the ability and competency to do the act in question, accompanied by a failure and neglect to properly perform the same.                          P. 667.

Appeal from District Court, Grant County; Neblett, Judge.

Action by Andrew Morstad against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, motion for new trial denied, and defendant appeals. Reversed and remanded, with instructions to award a new trial.

R. C. Reid, of Albuquerque, and R. E. Twitchell, of Santa Fe, for appellant:

As to care required of master in selection of servants. see: Holland v. Tenn. Coal, etc. Co. 12 L. R. A. 232; Jackson v. Shillinger Bros. Co. 148 N. W. 735; 3 Labatt's M. & S. Sec. 1088.

No action can be supported for damages arising from mere accident. 1 Thompson Comm. L. of Neg. Sec. 14; Rainbow, etc. Co. v. Martin, 74 N. E. 902; 29 Cyc. 440; 3 Labatt's M. & S. Chap. 50.

Appellant released his cause of action by written release, which he fully understood. Fivey v. Penn. R. R. Co. 52 Atl. 472, 91 Am. St. R. 445; Van Deventer v. Van Deventer, 46 N. J. L. 21; Note, Lepley v. Anderson, 33 L. R. A. (N. S.) 836; R. C. L. Contracts, Sec. 43; 9 Cyc. 459; Chicago, etc. Co. v. Billiwith, 83 Fed. 439; 9 Cyc. 389; Moore v. Gilbert, 175 Fed. 1.

Barnes & Royall, and H. D. Terrell, all of Silver City, for appellee.

### OPINION OF THE COURT.

PARKER, J. The original opinion in this case is

unsatisfactory to both sides, and it does not meet with the entire approval of the court. It will therefore be withdrawn, and the case will be discussed anew.

This is an action for damages for personal injuries suffered by the plaintiff while in the employ of the defendant railroad corporation. The plaintiff and a fellow servant, Knight, were engaged in unloading bridge timbers from a car. They were working upon a trestle extending from the car to the place on the ground where the timbers were being piled. They were using cant hooks, and each took hold of a timber, and had raised it nearly to the point where it would turn over, when the cant hook of the fellow servant, Knight, slipped off of the timber, allowing the whole weight of the timber to fall back against the cant hook in the hands of the plaintiff, thereby throwing him off the trestle, from which he fell to the ground, sustaining alleged personal injuries to his knee and leg. The plaintiff alleged that the fellow servant was inexperienced in the use of cant hooks, and that the work was such as required skill and experience; that the said fellow servant, by reason of his incompetency, inexperience, and negligence, failed to take a secure and proper hold upon the timber with his cant hook, and, on the contrary, negligently, carelessly, and by reason of his inexperience and incompetency failed to gain and retain a secure hold upon the timber, and negligently held the handle of his cant hook at an acute angle to such timber; that by reason thereof the said cant hook loosened its hold upon such timber and the handle thereof slipped therefrom, thereby throwing the plaintiff to the ground and injuring him; that the direct and proximate cause of the injury was the negligence of the said fellow servant as aforesaid, and the negligence of the defendant in assigning said inexperienced and incompetent fellow servant to perform labor with the plaintiff.

The defendant answered, denying the negligence, carelessness, incompetency, and inexperience of the fellow servant of plaintiff, pleading by way of defense a contract of settlement and release of plaintiff's

cause of action. Plaintiff replied to the answer, and alleged that at the time of the execution of the contract of settlement and release of the cause of action he was in such a weak, confused, dazed, and irrational condition as not to fully know and comprehend what he was doing, and that he was incapable of understanding or comprehending what he was doing; that he was unable to read the paper, and did not read the same, and did not know the contents thereof, but believed that it was an application for transportation to the defendant's hospital at Las Vegas; that the foreman of defendant so represented the paper to him; that the said paper was signed without receiving any consideration whatever.

Plaintiff produced proof that the fellow servant took hold of the timber with his cant hook at an acute angle instead of at a right angle, and that the cant hook slipped off, and the weight of the timber coming upon him threw him off the trestle, and that he was injured. At the close of the plaintiff's case the defendant moved for an instructed verdict in its favor, upon the ground that the plaintiff had produced no evidence to show either negligence of the defendant in employing an incompetent felow servant and assigning him to labor with the plaintiff, or any evidence of negligence on the part of the fellow servant, and that the evidence showed that the injuries sustained by plaintiff were the result of a mere accident incident to the ordinary risks of his employment. This motion was overruled. The defendant then put on testimony describing the occurrence, resulting in the injury of the plaintiff, and introduced the contract of settlement, together with the testimony of witnesses as to the circumstances under which it was executed by the plaintiff. The plaintiff in rebuttal testified as to the circumstances under which he signed the release. At the close of the case defendant renewed its motion to instruct a verdict upon the same ground contained in its former motion, with the additional ground that it then appeared that the cause of action had been released and discharged. This motion

was likewise overruled by the court. The court thereupon submitted the case to the jury under instructions, and a general verdict was returned in favor of the plaintiff for the sum of $2,950, and special findings were made to the effect that the plaintiff was injured by the negligence of an employe of the defendant; that the plaintiff did not assume the risk of such injury; and that the plaintiff did not contribute to the injury by his own negligence.

A motion for a new tried was filed and overruled, and judgment was rendered upon the general verdict, from which judgment the defendant has appealed.

[1, 7] Our first examination of the pleadings, proofs, and instructions of the court below resulted in the view that this was an action based upon negligence of the master in the employment of an incompetent fellow servant, and not an action based upon the negligence of a fellow servant. Careful consideration of the case has led us to the conclusion that the action is based upon both the negligence of the master in employing and assigning to work with the plaintiff an incompetent servant, and upon the negligence of the said fellow servant. There is a palpable inconsistency between incompetency and negligence. Ordinarily incompetency relates to incapacity, either physical or mental, to perform the act in question. On the other hand, negligence ordinarily implies the ability and competency to do the act in question, accompanied by a failure and neglect to properly perform the same. In some more or less rare instances, the negligence of the fellow servant may furnish evidence if it is habitual or gross, of the incompetency of the servant. In our former opinion we concluded that there was no substantial evidence of negligence on the part of the master in employing an incompetent fellow servant, for the reason that a single act of negligence, excepting in rare instances, is insufficient to establish incompetency, citing 1 White, Personal Injuries on Railroads, Sec. 261; Baltimore Elevator Co. v. Neal, 65 Md. 438, 5 Atl. 338; Melville v. Mo. River F. S. & G. R. Co. (C. C.) 48 Fed. 820; East Line & Red River R.

Co. v. Scott, 71 Tex. 703, 10 S. W. 298, 10 Am. St.
Rep. 804; Sullivan v. N. Y., N. H. & H. R. Co., 62 Conn.
209, 25 Atl. 711; and State v. Roderick, 77 Ohio St.
301, 82 N. E. 1082, 14 L. R. A. (N. S.) 704, and note.
With this conclusion we are entirely satisfied.  There
is no substantial evidence in the record to show that
the defendant was negligent in employing and assign-
ing to work with the plaintiff an incompetent servant.

[2]   In our former opinion we concluded that the
cause of action pleaded was founded solely upon the
negligence of the master in employing an incompetent
fellow servant. In this we were in error.  An examin-
ation of the pleadings discloses that it is alleged that
the fellow servant whose cant hook slipped, causing
the injury, was negligent in the use of the cant hook.
Evidence was introduced in support of the allegation,
showing that instead of taking hold upon the timber
with the cant hook at right angles to the timber,, the
fellow servant took hold of the timber with the cant
hook at an acute angle, thereby causing the cant hook
to slip and the weight of the timber to fall upon the
plaintiff, causing the injury.   Under   such   circum-
stances the master is liable.   The common-law fellow-
servant doctrine has been abrogated in this jurisdiction
as to railroads by section 16 of article 20 of the Con-
stitution, which is as follows:

"Every person, receiver, or corporation owning or operat-
ing a railroad within this state shall be liable in damages
for injury to, or the death of, any person in its employ, re-
sulting from negligence, in whole or in part, of said owner
or operator or of any of the officers, agents or employes
thereof, or by reason of any defect or insufficiency, due to
its negligence, in whole or in part, in its cars, engines, appli-
ances, machinery, track, roadbed, works or other equipment."

It is to be observed that this section of the Consti-
tution provides that if the injury is caused in whole
or in part by the negligence of the fellow servant, the
master, operating the road, is liable.  And in this case,
while it is alleged that two concurrent causes, viz.·the
negligence of the master in the employment of an in-
competent servant and the negligence of the fellow

servant, operated to effectuate the injury, proof of either would be sufficient to entitle the plaintiff to recover. See National Fuel Co. v. Green, 50 Colo, 307, 115 Pac. 709. The action of the trial court, therefore, in overruling the motion of defendant at the close of plaintiff's case to direct a verdict for the defendant was correct, there being sufficient evidence before the jury upon which negligence of the fellow servant might be predicated.

[3] There remains for consideration the question of the release of the cause of action by the plaintiff. We have carefully examined the testimony in regard to the circumstances surrounding the execution of this release. The plaintiff testified that the foreman of the defendant came into the bunk car where the plaintiff was located at the time and presented him with a paper to sign and said: "Here is something you will have to sign before you go to the hospital." The plaintiff was in bed, and sat up when he was presented with the paper, and started to read the paper, but he says he could not do so. He said he did not have his glasses anyway, and as he sat up in bed, his leg began to hurt, so that he said, "Give me the pen and I will sign it." He says he did not read it, but that it just came into his mind that it was simply a matter of form about getting his transportation to the hospital and the right to go there. He describes his condition as being "in an awful pain, physically and mentally too." He testifies in detail and with great clearness as to the happening of all of the events surrounding the execution of the paper, and shows no sign in this testimony of being incapable from physical or mental suffering to understand what he was doing. So far as appears, he was as competent to transact business as at any other time. His sole excuse for not reading the document is that he did not have his glasses, and consequently could not read it. He does not claim that the foreman of the defendant imposed upon him as to the contents of the paper, or made any representations as to what it was, but says merely that the foreman told him that he would

have to sign the paper before he went to the hospital. Under such circumstances, can the plaintiff be heard to deny the effect of his contract?

Ordinarily it is the duty of every person to read a contract before he signs the same, if he can read, and it is as much his duty to have the same read and explained to him before he executes it, if he cannot read or understand it. If he fails in this regard he will ordinarily be estopped to deny his contract. McNinch v. Northwest Thresher Co., 23 Okl. 386, 100 Pac. 524, 138 Am. St. Rep. 803, and note, Ann. Cas. 1913A, 432; Upton v. Tribilock, 91 U. S. 45, 23 L. Ed. 203; Chicago, etc., Ry . Co. v. Belliwith, 83 Fed. 437, 28 C. C. A. 358; Brown v. Levy 29 Tex. Civ. App. 389, 69 S. W. 255; Hawkins v. Hawkins, 50 Cal. 558; Deering v. Hoeft, 111 Wis. 339, 87 N. W. 298; Hurt v. Wallace (Tex. Civ. App.) 49 S. W. 675; Weller's Appeal, 103 Pa. 599; 1 Page, Contracts, §76; 1 Elliott, Contracts, § 77; Vallentyne v. Immigration Land Co., 95 Minn. 195, 103 N. W. 1028, 5 Ann. Cas. 212, and note; Fivey v. Penn. R. R. Co., 67 N. J. Law, 627, 52 Atl. 472, 91 Am. St. Rep. 445, and note; Beck v. Mo. Pac. Cy. Co. (C. C.) 147 Fed. 775.

The rule is founded upon the principles that the written contract must be held to represent the entire contract between the parties, which is not to be varied by parol; that to admit the right to say that, although the contract was signed, it does not express the terms of the agreement would be to destroy all of the efficacy of written contracts; that to admit the right would open the door to perjury on the part of persons seeking to avoid the consequences of a bad bargain; that a party to a contract owes it to the other party to read, or have read, the contract, and to know and understand what he is executing, and ought to be estopped to deny that he knew the terms of the contract, because the other party has a right to and does conform his own conduct to the requirements of the contract; and that the negligence of the party himself intervenes between the original cause of the damage and the proximate cause thereof, so as to cut off the

right to relief. Not all of these principles are applied in every case, because one or more of them are relied upon in every case and by all of the text-writers as a basis for the rule. The rule is firmly established, and certainly is a most salutary one. It renders written contracts safe and secure, and just what they must be if the business of the world is to be carried on in an orderly fashion.

An exception to the rule, or what may be termed another and different rule, exists, and has application in certain circumstances. It is to the effect that where fraud or misrepresentation enters into the contract, the same may be avoided by the defrauded or deceived party under proper circumstances. See 1 Page on Contracts, Sec. 62, 63, et seq.

In the case at bar, as has been heretofore pointed out, there was no misrepresentation nor fraud practiced upon the plaintiff concerning the execution of this contract. No representation was made as to the contents of the contract and no evidence was submitted showing or tending to show that any statement made by the foreman to the plaintiff was untrue in any particular. The testimony shows that several hours elapsed after the foreman presented the contract to the plaintiff for signature before the train left the place where plaintiff was at the time for Las Vegas, where the hospital was located. If the plaintiff desired to know the contents of the contract, he had plenty of time to either procure his glasses and read the same for himself, or ask some other person to read it to him. The plaintiff does not claim in his testimony that he was in such a condition mentally as to be unable to know and understand what he was doing. The ultimate substance of his testimony is that he did not read the paper, because he did not have his glasses, and consequently could not read it. Although no one said or intimated to the plaintiff that this contract was a mere matter of form, he just assumed in his own mind that it was a matter of form, so that he could go to the hospital. Under such circumstances, it would seem to be perfectly clear that

the plaintiff was guilty of such gross negligence in not informing himself of the contents of the contract that he is estopped to avoid the same. His lack of knowledge of the contents of the contract was due absolutely to his own negligence, and not due to any representation of any kind on the part of the foreman of the defendant railroad company.

[4]  Some point is made in the briefs for appellee that no consideration was actually received by the plaintiff for the execution of the contract. It appears that the foreman of the defendant paid him $1 and told him that he knew that he did not have any money, and that he would need a little money to buy tobacco while he was on his way to the hospital. The plaintiff testified that he did not know that the dollar was paid to him as a consideration for the execution of the contract. Under such circumstances it might be that if there were no other consideration for the execution of the contract, the question as to whether the dollar was paid to the plaintiff as consideration with his knowledge might have to be submitted to the jury. Under our view of the matter, however, it is immaterial whether the dollar was paid to him as a consideration for the execution of the contract, or whether it was presented to him as a gift by the foreman. Ample consideration for the execution of the contract existed aside from the $1 which was paid to the plaintiff. It was shown by the testimony of the foreman, and not denied, that the defendant railroad company required the execution of a contract of the kind in question before an injured employe could receive transportation to their hospitals and medical and hospital attention. It appeared also that the defendant did receive such transportation and attention free of charge after he had signed the contract. The contract recites a consideration of $1, but it is always competent to show by parol that the consideration for the contract was greater or less than or different from the one expressed. 10 R. C. L. § 236.

[5]  It is suggested in the brief of plaintiff that the testimony shows that there had been a material

alteration in the contract of release by reason of interlineations and the signing by attesting witnesses after the contract had been signed by the plaintiff. No such question was raised in any way in the court below, and we cannot consider the same here for that reason.

[6] But for one consideration, the judgment of the court below should be reversed, and the cause remanded, with directions to enter judgment for the defendant because of the errors heretofore pointed out. It appears, however, that the plaintiff in his replication alleged that he received no consideration for the execution of the release. In support of that allegation he testified that the dollar given him by the foreman of the defendant was not knowingly received by him as consideration for the execution of the contract. In further support of his allegation that he received no consideration, he put upon the stand the local physician of the defendant and offered to show that under the rules of the defendant an injured employe was entitled to transportation and hospital attention free of charge, regardless of wheher he signed any paper by way of release or otherwise. Counsel for defendant objected to the testimony as not being material under the issues and for other reasons, and the objection was sustained by the court. The plaintiff was thus cut off from the right to show want of consideration for the contract. It does not appear from the record that he may not be able to show upon another trial that he was entitled, without executing any release, to transportation over the defendant's railroad to the hospital for treatment. It is therefore proper to submit such question to the consideration of a jury rather than to enter judgment at this time against the plaintiff. See Ruffner Bros. v. Dutchess Ins. Co., 59 W. Va. 432, 53 S. E. 943, 115 Am. St. Rep. 924, 8 Ann. Cas. 866, and note.

For the reasons stated, the cause will be reversed and remanded to the district court, with instructions to award a new trial; and it is so ordered.

ROBERTS, J. Concurs. HANNA, C. J., being absent, did not participate.