[No. 2581.   Nov. 9, 1921.]

## MORRISON v. CRISP.

### SYLLABUS BY THE COURT.

1.  It is competent to show by parol that the consideration for a contract was different from the one expressed in it.
P. 381

2.  A complaint in an action on a note for stock **held** to state a complete cause of action by alleging its making, delivery, and nonpayment, and not defective for failing to allege that all the authorized capital stock of the corporation was subscribed, on the theory that such was an implied condition of each individual subscription.        P. 382

Appeal from District Court, Union County; Leib, Judge.

Action by L. H. Morrison, as assignee of the Union County Farmers' Society of Equity, Limited, against Ira N. Crisp.   Judgment for the plaintiff, and defendant appeals.   Affirmed.

Thomas F. Savage, of Clayton, for appellant.

Hugh B. Woodward, of Clayton, for appellee.

### OPINION OF THE COURT.

DAVIS, J.   The complaint in this cause alleges that the Union County Farmers' Society of Equity was, in 1917 and 1918, a regularly organized corporation existing and doing business under the laws of this state; and that Ira N. Crisp, appellant here, prior to the organization of the company, subscribed for 10 shares of its capital stock, and in payment made, executed, and delivered to the corporation his promissory note for $100.   The action is upon the note, which is set out in the complaint, and on

its face is payable to the Farmers' Society of Equity, association. The Union County Farmers' Society of Equity was incorporated shortly after the making of the note. It subsequently became insolvent, and L. H. Morrison, appellee here, became its assignee.

The amended answer, upon which the case was tried, admits that Crisp executed and delivered to the corporation the note sued upon, but alleges that there was no consideration for it. The issue as to consideration was the only one presented upon the trial. The case was tried to a jury. Upon the close of defendant's evidence the court, on motion of plaintiff, instructed the jury to return a verdict for him upon the ground that the evidence showed that there was a consideration for the note. The first question presented for review is as to the correctness of this instruction, or, more strictly speaking, as to whether there was evidence sufficient to go to the jury in support of the plea of lack of consideration.

From the evidence in the case, and chiefly from the testimony of appellant himself, it appears that certain persons requested him to become a stockholder in the Union County Farmers' Society of Equity, the organization of which was then contemplated. He understood that the corporation would be formed, and that he would receive stock in it. The note was given in payment for this stock, to be issued on the incorporation of the company, and he agreed that his note might be negotiated by the company in order to obtain cash with which to carry on its business. The company accepted his note in payment for the stock. Crisp participated as a stockholder in the organization meeting, stock was issued in his name, and hypothecated as collateral to his note. He testified that he expected that the dividends on his stock would pay the note.

[1] Counsel for appellant contends that the note was not given in payment for stock in the Union

County Farmers' Society of Equity but for a membership in the Farmers' Society of Equity, and this contention agrees with a recital on its face. The Farmers' Society of Equity was a separate association or incorporation, apparently having no direct connection with the Union County Farmers' Society of Equity. But this contention of counsel is not supported by any evidence in the case, and is directly contradicted by the testimony of appellant himself, which was that the note was in fact given as the purchase price of stock in the Union County Farmers' Society of Equity. Although the note recited one consideration, it was competent to show by parol that another existed. Morstad v. A. T. & S. F. R. Co., 23 N. M. 663, 170 Pac. 886.

The note was executed in payment for the stock. It was delivered to the company, which accepted it as payment, and issued a stock certificate accordingly. Plainly the claim of appellant that the note was without consideration is directly controverted by these facts, which are the only material ones bearing upon the question.

Counsel argues that the note was payable to the Farmers' Society of Equity, not to the Union County Farmers' Society of Equity, whose assignee is suing upon it. But this does not go to the consideration, and is therefore immaterial under the pleadings. No suggestion is made that appellee was not the legal holder of the note and entitled to maintain this action.

[2] Counsel for appellant contends that the complaint did not state a cause of action because it failed to allege that all the authorized capital stock of the corporation was subscribed; this being, he argues, an implied condition in each individual subscription. But this action was upon a promissory note, not upon a stock subscription. The complaint based upon the note was not defective in this respect,

but stated a complete cause of action by alleging the making and delivery of the note and its nonpayment. Lack of consideration for any reason was a matter of defense. The contention as to the validity of the subscription was not presented to the trial court, and will not be considered.

The judgment is therefore affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.