STEPPE, Respondent, vs. FARBER, Appellant.

*April 7—May 12, 1931.*

*James A. Stone* of Reedsburg, for the appellant.

For the respondent there was a brief by *H. B. Quimby* of Reedsburg and *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *Norman Quale.*

FAIRCHILD, J.   The question which is of peculiar interest in this case arises from the consideration of the effect the published notice has in forming a contract between the owner of the stallion and the owner of the mare served.   The owner had the right to make rules for the conduct of his business by notice brought home to any who sought the service he proposed to furnish.   Such notice states and shows the existence of the terms upon which the plaintiff would contract with another.   By acting under it without objecting or manifesting his dissent therefrom the owner of the mare accepted the proposition, and the printed notice thus accepted possesses all the ingredients of an express contract.

"The actual knowledge of the offer on the part of the offeree is sufficient, but not always necessary.   The communication which is requisite may not be an actual communication.   A standardized form of communication is frequently sufficient.   For the purposes of the law, an offer is communicated when it is brought to the attention of the adversary party in such a manner that by the use of ordinary intelligence he will learn its terms.   Thus in case of written contracts, one who accepts a written offer which he has a fair opportunity to read, is bound by its terms in the absence

of fraud or misrepresentation, even though he has not read them and does not know them; or if he misapprehends their legal effect." 1 Page, Contracts, p. 164, § 112.

The text quoted is supported by the following cases: *Donohue v. Woodbury,* 6 Cush. (60 Mass.) 148; *Deering v. Hoeft,* 111 Wis. 339, 343, 87 N. W. 298; *Ross v. Northrup, King & Co.* 156 Wis. 327, 336, 144 N. W. 1124.

The evidence is sufficient to sustain the finding of the jury that the parties agreed that the mare was to be bred according to the terms of the printed poster. These posters appear to have been present and available to the defendant, to have been referred to by the plaintiff in his talk with the defendant, who had ample opportunity to read them if he had desired. The defendant knew of the existence of the posters and knew, or ought to have known, that the terms of service were set forth therein. In seeking this service it was his duty to inform himself of the terms on which it could be had, and in the absence of any special agreement he must be held to have accepted the contract made by the posted terms and his act of acceptance.

We find no error in the instruction given. On the assignment of error that testimony was improperly excluded the record shows that this testimony was objected to as incompetent, irrelevant, and immaterial, and tending to establish a collateral issue having no connection with the contract in question. It would serve no purpose to inquire into the contracts which plaintiff may have made with other persons under other and differing circumstances. Nor would it be of service on the point of showing plaintiff's knowledge of a custom which defendant claimed existed under which the terms, "insure a colt a week old," meant in fact "insure a good, sound colt a week old." Such custom could not be established by showing that plaintiff had furnished his stallion for service to others under special agreement in which the terms of the poster were not followed. These specific

agreements would be entirely collateral to the issue. The plaintiff was at liberty, if he chose, to make a different agreement with several persons, and any particular agreement so made would be entirely immaterial and irrelevant as bearing upon a contract made with another. The testimony offered amply sustains the findings of the jury that the parties agreed that the mare was to be bred according to the terms of the printed poster, and that is the real and vital issue in the case.

*By the Court.*—Judgment affirmed.