748 P.2d 21

**Joe L. SANCHEZ, Sr.,
Petitioner–Appellee,**

**v.**

**Maria M. SANCHEZ,
Respondent–Appellant.**

**No. 9437.**

Court of Appeals of New Mexico.

Nov. 17, 1987.

Certiorari Denied Dec. 23, 1987.

Robert S. Skinner, Raton, for respondent-appellant.

David J. Berardinelli, Berardinelli & Martinez, Santa Fe, for petitioner-appellee.

## OPINION

BIVINS, Judge.

In this dissolution of marriage proceeding, wife appeals a judgment that designated certain real properties as community property.

The parties married in 1946; in 1948 or 1949, they moved to Harding County, New Mexico, where they resided on the Martinez Ranch (wife's parents' ranch) until husband moved to Santa Fe County and instituted divorce proceedings. In 1959, wife's parents deeded a ranch, consisting of 160 acres and known as the Pacheco Ranch, to wife in her name only. In 1960, wife and her sister each received in their names only an undivided one-half interest in 880 acres known as the Galway Ranch. At the divorce proceeding, wife claimed that all real property was her separate property by gift or devise. Only the status of the Pacheco and Galway Ranches is before us on appeal. Further, we are not concerned with the sister's one-half interest in the Galway Ranch.

Wife raises two issues: (1) Does a deed that names only one spouse convey the realty absolutely as separate property, or does it only create a presumption of sepa-rate property that may be rebutted; and, assuming the latter (2) may the fact finder consider parol evidence to show absence of intent by the grantors to make a gift? We hold the applicable statute creates a presumption that may be overcome, and that the trial court properly considered parol evidence. Accordingly, we affirm.

The trial court determined that the interests in the Galway and Pacheco Ranches were community property despite the fact that the deeds transferring the properties did not reflect husband's name. The trial court based its ruling on the following: for approximately fifteen years following the parties' move to the Martinez Ranch, husband provided substantial time, labor, talent and money to working and managing the ranching enterprises owned by wife's father, all essentially without wages; under the circumstances, these contributions constituted an essential part of the consideration underlying the transfer of the Galway Ranch; these transfers were induced by the consideration given by the community; husband overcame any presumption of a gift to wife only. In addition, husband testified, and the trial court found, that husband and wife relinquished their interest in real property known as the Burro Ranch, in favor of wife's brother, in reliance on the father's offer to replace it with similar ranch properties. The trial court also found that the deeds transferring the Galway and Pacheco Ranches were then filed within sixty days of relinquishing title to the Burro Ranch. Thus, the trial court determined that the ranches in question were community property.

Wife contends that the properties in question were gifts to her. To support this contention, wife argues adamantly that property acquired by a spouse by gift, bequest, devise or descent is separate property. She relies on NMSA 1953, Repl.Vol. 8, Part 2 (1962), Section 57-3-4, which provides: "All property of the wife owned by her before marriage and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof is her separate property. The wife may without the consent of her husband

convey her separate property." *See also* NMSA 1978, § 40–3–8 (Repl.1986). Wife claims this statute raises no presumptions. Wife contends the form of the deeds controls and, thus, she acquired as gifts separate property interests on both ranches. Wife asserts that this fact cannot be rebutted. Wife's argument is fatally flawed. The dispositive issue on appeal is the nature of the transaction by which the ranches were conveyed. Accepting wife's conclusory statement that the properties were gifts would deny this court the right of review with which we are charged. On these facts, and under the relevant statutes, the form of the deeds raises a rebuttable presumption.

NMSA 1953, Repl.Vol. 8, Part 2 (1962), Section 57–4–1 provides in relevant part:

> All other real and personal property acquired after marriage by either husband or wife, or both, is community property; but whenever any real or personal property, or any interest therein or encumbrance thereon is acquired by a married woman by an instrument in writing the presumption is that title is thereby vested in her as her separate property.

*See also* NMSA 1978, Section 40–3–12(B) (Repl.1986).

■ Because the titles to the properties in question state wife's name, but not husband's name, the presumption that the ranches are wife's separate property arises. "This presumption is not conclusive but may be overcome by proof." *Laughlin v. Laughlin,* 49 N.M. 20, 37, 155 P.2d 1010, 1020 (1944). *See also* SCRA 1986, 11–301. Overcoming this presumption by a preponderance of the evidence appears to be sufficient. *See Campbell v. Campbell,* 62 N.M. 330, 310 P.2d 266 (1957).

■ Wife claims the trial court erred in allowing as proof husband's testimony as to the intent of the grantor of the ranch properties. She challenges only the admissibility of the evidence, not its substance. Therefore, if the evidence is admissible, the intent to convey the properties as community property is established.

The gist of wife's argument is that the trial court improperly considered parol evidence to interpret unambiguous deeds. She contends that the evidence in question varied the terms of the written deeds and was, therefore, inadmissible. To support her view, wife refers us to 32A C.J.S. *Evidence* Section 913 (1964). This section analyzes the rule prohibiting parol evidence that adds to, varies, or contradicts unambiguous written terms in deeds.

The New Mexico Supreme Court has determined that parol evidence is admissible to show that the consideration for a contract was different from that expressed in the contract instrument. *Morstad v. Atchison, T. & S.F. Ry.,* 23 N.M. 663, 170 P. 886 (1918). Wife, however, claims the evidence admitted in our case altered the deeds rather than proved consideration. We disagree. Who paid the consideration or how it was paid was not stated. "The parol evidence rule does not exclude proof of the real consideration of the instrument; whether amount named was the actual consideration, whether it was paid in money or property, and by whom it was paid may be inquired into and shown by parol proof." *Shields v. Johnson,* 124 Kan. 155, 157, 257 P. 926, 927 (1927); *see also Rael v. Cisneros,* 82 N.M. 705, 487 P.2d 133 (1971) (because a deed is a specialized form of contract, consideration is imported in the same manner and as fully as sealed instruments); *State ex rel. Herman v. Wilson,* 103 Ariz. 194, 438 P.2d 760 (1968) (In Banc) (parol evidence admissible to show true consideration for a deed); *Robson v. O'Toole,* 60 Cal.App. 710, 214 P. 278 (1923) (exception to parol evidence rule occurs when parol testimony is directed to consideration for a deed).

We believe the trial court in our case considered husband's testimony only on the issue of the nature of consideration paid for the ranch properties. Of significance is the fact that the deeds transferring the subject properties speak in terms of "for consideration paid," yet do not otherwise indicate or specify the amount or nature of the consideration underlying the deeds.

In addition, *Tomaier v. Tomaier*, 23 Cal. 2d 754, 757–758, 146 P.2d 905, 906–907 (1944) (cited in *In re Trimble's Estate*, 57 N.M. 51, 253 P.2d 805 (1953)), sets forth the general rule that evidence may be admitted to show real property is community property although title was acquired under a deed that would ordinarily create in the grantee a common-law estate with incidents unlike those under community property law. Thus, land may be shown to be community property even though it is granted to one spouse alone. *Id.; see also Wood v. Wood*, 81 Cal.App.2d 727, 185 P.2d 53 (1947) (citing *Tomaier v. Tomaier*).

In our case, only the status of the property as separate or community was at issue. "[P]arol evidence is admissible to establish the absence of an intention to make a gift of either separate or community property, although the instrument of conveyance is made by the husband to the wife alone * * * or is from a third person to the wife * * *." *Huber v. Huber*, 27 Cal.2d 784, 788, 167 P.2d 708, 711 (1946) (In Bank). On these facts, we conclude that the trial court did not alter the deeds, but rather established the true consideration behind the deeds, which, in turn, established the lack of intention of the grantors to make a gift to wife. As such, the parol evidence was properly admitted. Wife, therefore, holds the properties (other than her sister's interest in Galway) as trustee for the community. *Cf. Shields v. Johnson*.

■ Husband seeks attorney fees for this appeal in the sum of $2,000 based on an allegation that wife's appeal was undertaken solely for the purpose of delay. We find no merit to this allegation, which husband fails to support with evidence or case authority. In addition, nothing in the record indicates that we should exercise our discretion and award attorney fees to husband. *See Allen v. Allen*, 98 N.M. 652, 651 P.2d 1296 (1982) (if neither party is economically oppressed, no attorney fees need be awarded). We deny husband's request for attorney fees on appeal. The parties shall bear their own costs.

Based on the foregoing, we affirm the trial court's judgment.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.