[No. 1407. September 1, 1911.]

JAMES GOODE, MINNIE GOODE, REYES P. MARTINEZ, TELESFORO MARTINEZ, S. VANDERWART, Appellants, v. COLORADO INVESTMENT LOAN COMPANY, Appellee.

SYLLABUS (BY THE COURT).

1. The plaintiff, a Colorado corporation, made the defendants a loan and took a mortgage on real estate situated in this Territory; the mortgage being executed within this Territory. The defendants answered that the plaintiff had not complied with the law of this Territory governing foreign corporations, and had no right to transact business in this Territory: Held, the doing of a single act of business by a foreign corporation does not bring it within section 102, chapter, 79, Laws 1905, providing that: "Every foreign corporation except banking, insurance and railroad corporations, before transacting any business in this Territory shall file in the office of the Secretary of the Territory a copy of its charter." Following Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727.

2. By their contract the plaintiff and defendants agreed that the law of the contract should be the statutes of the State of Colorado. The defendants answered that the contract called for the payment of more than twelve per cent. interest per annum, contrary to Section 2552, C. L. 1897: Held, the allegation did not constitute a defense, the contract being governed by the laws of the State of Colorado.

3. Defendants by their answer allege that they were compelled to employ an attorney to defend the·action and a reasonable fee for such attorney is two hundred and fifty dollars: Held, this paragraph was properly stricken, because in the absence of allegation of any agreement, counsel fees cannot be awarded. Following Dame v. Cochiti R. & I. Co, 13 N. M. 10, 79 Pac. 296.

4. By their fourth assignment of error, defendants claim that the court erred in giving judgment for plaintiff: Held, it not appearing from the record that the judgment is fatally defective on account of lack of jurisdiction, we will not consider this assignment of error. Following Neher v. Armijo. 11 N. M. 67.

Appeal from the District Court for Union County, before WILLIAM H. POPE, Chief Justice. Affirmed.

WILLIAM J. EATON for Appellant.

After the issues have been made up a party cannot amend his pleadings as a matter of right. Hoffman v. Rothenberger, 82 Ind. 474; Beall v. School, 1 A. K. Marsh 475, Ky ; 31 Cyc. 397; Century Digest, sec 655.

Compliance with statute must affirmatively appear. Goodwin v. Colorado Mortgage and Investment Co., 28 U. S. 47; C. L. 1897, secs. 445, 2553, 2554; Laws 1899, chap. 77, sec. 1; Laws 1901, chap. 77, secs. 1, 2, 3; Laws 1903, chap. 65, secs. 1, 2; Laws 1905, chap. 79, secs. 102-107.

It is error to strike out an answer which constitutes a good defense and upon which defendant relies. 4 U. S. Digest 4525; Hosey v. Buchman, 10 U. S. 941; 113 N. Y. S. 997; 12 Current Law 1329; Mandelbaum v. Nevada, 19 U. S. 479; Silver Mining Co. v. Taylor, 25 U. S. 541; Marine Ins. Co. v. Hodges, 3 U. S. 200.

In an action by a foreign corporation the plaintiff has the burden of showing, not only the fact of incorporation, but also the statute under which it was incorporated. 3 Encyclopedia of Evidence 595; Savage v. Rus-

sell & Co., 84 Ala. 103; Bank of Alabama v. Simonton, 2 Tex. 531; Gaines v. Bank of Mississippi, 12 Ark. 769; Law Guarantee and Tr. Soc. v. Hogue, 37 Or. 544; Eagle Works v. Churchill, 2 Bosw. N. W. 166; State v. Habie, 18 R. I. 558, 30 Atl. 462; 10 Cyc. 235; 17 Cyc. 401; Taylor v. Riggs, 1 Pet. 591, 7 U. S. L. ed. 275; De Lane v. Moore, 14 How. 253, 14 U. S. L. ed. 409; Fresh v. Gilson, 16 Pet. 327, 10 U. S. L. ed. 982; U. S. Digest, pp. 2893 and 2894; 20 U. S. 867; Rogers v. Durant, 27 U. S. 303; Simpson v. Dall, 18 U. S. 265; Goodwin v. Colorado Mortgage and Investment Co., 28 U. S. 47; Dudley v. Collier, 87 Ala. 433; Farrior v. New England Mortgage Security Co., 88 Ala. 275; Christian v. American Freehold Land Mortgage Co., 89 Ala. 198; Hanchey v. Southern Home Bldg., etc. Assoc., 140 Ala. 245; Chattanooga Nat. Bldg. etc. Assoc. v. Denson, 189 U. S. 408; Cincinnati Mut. Health Co. v. Rosenthal, 55 Ill. 86.; Hoffman v. Banks, 41 Ind. 1; Cassady v. American Insurance Co., 72 Ind. 95; State v. Briggs, 116 Ind. 55; G. Heilman Brewing Co. v. Peimeisl, 85 Minn. 121; Ehrhardt v. Robertson, 78 Mo. App. 404; Stewart v. Northampton Mut. Live Stock Ins. Co., 38 N. J. L. 436; Wolf v. Lancaster, 70 N. J. L. 201; Pennington v. Townsend, 7 Wend (N. Y.) 276; Cary-Lombard Lumber Co. v. Thomas, 92 Tenn. 587; New York Nat. Bldg. Assoc. v. Cannon, 99 Tenn. 344; Ashland Lumber Co. v. Detroit Salt Co., 114 Wis. 6; Aetna Ins. Co. v. Harvey, 11 Wis. 394; in re Comstock, Sawy., U. S. 218; Cincinnati Mutual Health Assurance Co. v. Rosenthal, 55 Ill. 92; British Columbia Bank v. Page, 6 Or. 431; Hachney v. Leary, 12 Or. 40.

O. P. EASTERWOOD for Appellee.

A party waives the objection to an amendment by pleading or by going to trial thereon, or by otherwise recognizing the amended pleadings. Bryan v. Wilson, 27 Ala. 208; Redman v. Peterson, 41 Am. St. Rep. 204, Cal.; Baldwin Coal Co. v. Davis, 67 Pac. 1041; Jordan v. Indianapolis Water Co., 64 N. E. 680; Miller v. Cavanaugh, 35 S. W. 920; Gryman v. Liebke Harwood Mill

Co., 85 S. W. 946; Willman v. Alabama Brokerage Co., 40 So. 102; Daley v. Ruddell, 70 Pac. 784; Mullin v. McKim, 45 Pac. 416.

The rulings or decisions which effect substantial rights, and on which error is predicated, will not be revised unless appropriate exception to the alleged error was reserved. Binford v. Dement, 72 Ala. 491; Caveny v. Weiller, 90 Ill. 158; Beard v. Parks, 44 Mo. 244; Driscoll v. Downer, 26 N. E. 757; Guthrie v. Fisher, 6 Pac. 111; Bond v. Halloway, 46 N. E. 358; Haines v. Porch, 36 N. E. 926; Petersborough Savings Bank v. Des Moines Savings Bank, 81 N. W. 786; Lott v. Kansas City, etc. R. Co., 21 Pac. 1070; Chapman v. Charleston, 13 Am. St. Rep. 681.

What constitutes doing business on part of foreign corporation. Cæsar v. Capell, 83 Fed. 403; Loan Co. v. Cannon, 96 Tenn. 599; Copper Mfg. Co. v. Ferguson, 113 U. S. 727; Midland Savings and Loan Co. v. Solomon, 79 Pac. 1077; Potter, 5 Hill 490; Graham v. Hendricks, 22 La. Ann. 523; Gates Iron Works v. Cohen, 43 Pac. 670; Insurance Co. v. Rogers, 47 Pac. 849; Hazelton v. Missouri etc. Ins. Co., 55 Fed. 749; Gilchrist v. Helene etc. Ry. Co., 41 Fed. 595; Florsheim Bros. Dry Goods Co. v. Lester, 46 Am. St. Rep. 163; Chase Elevator Co. v. Boston, 28 N. E. 302; Fuller etc. Mfg. Co. v. Foster, 30 N. W. 169; Commercial Bank v. Sherman, 52 Am. St. Rep 812; Steinman v. Midland Savings & Loan Co. et al., 96 Pac. 860; U. S. Savings & Loan Co. v. Shain, et al., 77 N. W. 1077, N. D.; Liverpool & G. W. Co. v. Phœnix Ins. Co., 129 U. S. 397; Trust Co. v. Burton, 43 N. W. 141; Mill Co. v. Bartlett, 54 N. W. 544, N. D.

Damages. Laws 1907, chap. 57, sec. 39.

## OPINION OF THE COURT.

MECHEM, J.—This is an action brought by the appellee, hereinafter styled the plaintiff, against the appellants, hereinafter styled the defendants, to foreclose a mortgage on real estate. Judgment for the plaintiff, and defendants appeal.

The appellants assign four errors for our considera-

tion. Of these the first and second are not before us, having been waived.

1. The third assignment of error questions the action of the court below in striking out the eighth, ninth, tenth, and twelfth paragraphs of defendants' answer. By the eighth paragraph of the answer, it is alleged that the plaintiff had no legal right to sue, for the reason that on the face of the complaint it appeared that plaintiff is a foreign corporation and that it did not appear from said complaint that plaintiff, previous to the execution of the contract sued on, had complied with the laws and statutes of New Mexico governing foreign corporations. Our statute on this subject (section 102, c. 79, Laws of 1905) provides that: "Every foreign corporation except banking, insurance and railroad corporations, before transacting any business in this territory shall file in the office of the Secretary of the Territory a copy of its ·charter," etc. The phrase "transacting business" has been held to be equivalent to the words "doing business" found in the statutes of many of the states. General Conference of Free Baptists v Berkey, 105 Pac. 411; 156 Calif. 466. The case of Cooper Manufacturing Company v. Fergusson, 113 U. S. 727, disposes of this point in favor of the plaintiff, holding, in effect, that the doing of a single act of business, or performing one transaction, would not be within a statute such as ours. It is on this case we hold that, as far as the record before us shows, the plaintiff had transacted but this one act of business, and therefore paragraph eight of the defendants' answer did not constitute a good defense and was properly stricken.

2. By the ninth and tenth paragraphs of defendants' answer, it was alleged that the rate of interest charged and provided for by the mortgage exceeded twelve per centum per annum and therefore was contrary to Section 2552, Laws of 1897, which provides that: "In written contracts for the payment of money it shall not be legal to recover more than twelve per cent. interest per annum." By the terms of the mortgage and contract between the parties, it was stipulated that the law of the contract should be

the statutes of the State of Colorado. This being so, the laws of the Territory of New Mexico are not applicable to this contract, and the court below was correct in striking the paragraphs of the answer. Steinman v. Midland Saving & Loan Co. et al., 96 Pac. 860; U. S. Savings and Loan Co. v. Shain et al., N. D., 77 N. W. 1006.

3. By the twelfth paragraph of defendants' answer, they allege that they have been compelled to employ an attorney to defend the action and that a reasonable fee for such attorney is two hundred and fifty dollars. This paragraph, also, was properly stricken. Dame v. Cochiti Rd. & Imp. Co., 13 N. M. 10; 79 Pac 296, in which it was held that: "In the absence of any allegation and proof of an agreement to pay counsel fees, such fees cannot, unless especially provided for by statute, be awarded as costs or otherwise."

4. By their fourth assignment of error, the defendants say that the court erred in giving judgment for plaintiff in the sum of $819.60. There appears from the record to have been no exception taken to the judgment, or to the findings of fact or conclusions of law of the referee appointed herein, upon which judgment was found. As there appears to be nothing in the record which shows that the judgment is fatally defective on account of a lack of jurisdiction, we will not consider the assignment of error in this case. We have held, in the cases of Neher v. Armijo, 11 N. M. 67, 66 Pac. 517, and De Baca v. Wilcox, 11 N. M. 352, 68 Pac. 922, that "We will not examine a record, unless exceptions have been taken and the errors complained of called to the attention of the trial court. This is the general rule, subject to the exception that this court will notice, without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require a reversal." For the foregoing reasons, the judgment of the lower court is affirmed.