(No. 2085.    January 28, 1918.)

## VERMONT FARM MACH. CO. v. ASH.

### SYLLABUS BY THE COURT.

1. Where two parties enter into a verbal contract and agreement, and one of them assumes to reduce such agreement to writing, and in so doing does not correctly reduce such prior oral agreement to writing, but fraudulently embodies therein an entirely different agreement, and presents such writing to the opposite party for signature and execution, and fraudulently states to him that such writing contains the substance of their prior oral agreement and such statements are relied upon and accepted as true, and said opposite party is thereby induced to sign such writing, without reading the same, having it read, or otherwise being advised of its contents, he may plead such facts and conduct as constituting fraud in defense to a recovery upon such writing.                                                P. 650

2. The doing of a single act of business by a foreign corporation does not bring it within section 102, chapter 79, Laws 1905, providing that "every foreign corporation, except banking, insurance and railroad corporations, before transacting any business in this territory, shall file in the office of the secretary of the territory a copy of its charter."
                                                        P. 651

Appeal from District Court, Curry County; McClure, Judge.

Suit by the Vermont Farm Machine Company against C. W. Ash. Demurrer to second amended answer sustained, and judgment for plaintiff, and defendant appeals. Reversed, with directions to overrule the demurrer to defendant's first defense.

Patton & Bratton, of Clovis, for appellant. Aldredge & Saxon, of Tucumcari, for appellee.

OPINION OF THE COURT.

ROBERTS, J. Appellee, a foreign corporation, filed suit in the district court of Curry county against appellant upon certain promissory notes executed by appellant, and alleged to be past due and unpaid. Copies of the notes were attached to the complaint, as was also a copy of a certain written order which was signed by appellant, alleged to have been delivered to the agent of appellee. Appellant filed a second amended answer in which he pleaded two defenses. The first, in substance was: That on or about the 24th day of November, A. D. 1914, appellee was engaged in the manufacture and sale of cream separators, and had in its employ an agent who transacted the business which resulted in the signing of the contract and the giving of the notes by appellant; that appellant at the said time was engaged in the general mercantile business in Grady, Curry county; that the agent of appellee called on appellant, and that they entered into a verbal contract and agreement whereby appellee agreed to and did employ appellant as its agent at Grady, N. M., for the purpose of making sales of cream separators manufactured by appellee; that it was agreed between appellant and said agent that appellee should ship to appellant cream separators in such numbers and at such times as might be agreed upon between the parties; that appellant should receive such separators, keep them in his possession, and make demonstrations thereof throughout the community, and that as a matter of settlement between the parties it was further agreed that when such separators were shipped and received by appellant he would execute his notes, payable to appellee, which notes were to be received by appellee and held by it until such time as appellant might be able to make sales of all or a portion of the separators shipped him; that in the event of a sale of the separators appellant should remit direct to appellee, whereup appellee would cancel and return appellant's notes, or, in the event he was unable to make a sale of said separators, then and in that event he should have the right to return them to appellee,

JANUARY TERM, 1918.        649

Vermont Farm Mach. Co. v. Ash, 23 N. M., 647

and in such case his notes should be canceled and returned; that the execution and delivery of the said notes were merely for the purpose of making a settlement and adjustment between the parties from time to time; that said agreement was verbal, and that after it had been reached appellee's agent assumed to reduce the same to writing, and he prepared and reduced to writing the written contract referred to in appellant's complaint as Exhibit A, and presented the same to appellant for signature; that when such written agreement was presented the agent of appellee told appellant that such writing was, in substance and effect, the same as they had agreed verbally, and that such agreement gave to him all the rights, privileges, and protection contained in the verbal agreement; that appellant did not read or have read to him in his presence the said writing as presented to him, but on the contrary, accepted said statements and representations as true, and relied and acted upon the same as being true when he signed such written contract, as well as the notes; that, had he known the contents of said writing, he would not have signed the same; that appellee's said agent in making said statements and representations well knew the falsity thereof, and falsely and fraudulently made said statements and representations for the sole purpose of falsely and fraudulently inducing appellant to sign said written contract without knowing the contents thereof; that by reason of said statements appellant was induced to and did sign said writing; that when he signed the same he believed said agent of appellee had truthfully and correctly advised and told him the contents of said instrument. Further allegation was made that the agent well knew when he reduced the said instrument to writing that it falsely failed to embody therein the agreement previously had between the parties, and that such statements were made for the purpose of inducing appellant to sign the written contract without reading, or otherwise ascertaining the contents thereof. Appellant further pleaded that he had on hand in his possession at Grady, N. M., the three cream

650    SUPREME COURT OF NEW MEXICO

Vermont Farm Mach. Co. v. Ash, 23 N. M., 647

separators for which the notes sued upon were given; that they were in first class condition, and appellant tendered the same into court and prayed for the cancellation of the notes sued upon.

The second defense in said amended answer was to the effect that appellee was a foreign corporation transacting business within the state of New Mexico without obtaining a permit as required by law.

Appellee filed a demurrer to appellant's second amended answer, which was sustained by the court, whereupon appellant declined to plead further, and judgment was rendered for appellee for the principal and interest of the notes and cost of suit, from which judgment this appeal was prosecuted.

[1] The demurrer to the first defense contained in the amended answer should have been overruled. Where two parties enter into a verbal contract and agreement, and one of them assumes to reduce such agreement to writing and in so doing does not correctly reduce such prior oral agreement to writing, but fraudulently embodies therein an entirely different agreement, and presents such writing to the opposite party for signature and execution, and fraudulently states to him that such writing contains the substance of their prior oral agreement, and such statements are relied upon and accepted as true, and said opposite party is thereby induced to sign such writing, without reading the same, having it read, or otherwise being advised of its contents, he may plead such facts and conduct as constituting fraud in defense to a recovery upon such writing.

While there are authorities to the contrary, the great weight of authority supports this contention. In volume 6, R. C. L. 635, it is said:

"It has been decided that one who, by falsely representing to another that a written contract contains the provision agreed upon between them, and induces him to sign it, is not entitled to enforce the contract, although the one who signed it did so without reading it or having it read to him."

In 1 Elliott on Contracts, § 73, the author says:

Vermont Farm Mach. Co. v. Ash, 23 N. M., 647

"Some courts lay down the rule that the carelessness or negligence of a party in signing a contract does not estop him from afterward setting up that it does not contain the true agreement of the parties, in a suit thereon between the parties to such a contract, or their privies, where the party seeking enforcement, practiced fraud or deception in order to induce the other to sign. The rule laid down by the foregoing cases seems correct in principle, for if one signs an agreement, relying on the statement of the other party as to its contents, which statement proves false, the contract should be voidable as between the parties or their privies, for the defrauded party should not be permitted to take advantage of his own wrong, or to say that the other party was negligent in believing him. A majority of the courts take this view of the subject."

For cases so deciding see New v. Wambach, 42 Ind. 456. See note to case of Griffin v. R. R. & L. Co., 6 L. R. A. (N. S.) 463; Shook v. Puritan Mfg. Co., 75 Kan. 301, 89 Pac. 653, 8 L. R. A. (N. S.) 1043; note to Fargo Gas, Light & Coke Co. v. Fargo Gas & Electric Co., 37 L. R. A. 595; Western Mfg. Co. v. Cotton & Long, 126 Ky. 749, 104 S. W. 758, 12 L. R. A. (N. S.) 427; Hale v. Hale, 62 W. Va. 609, 59 S. E. 1056, 14 L. R. A. (N. S.) 221.

[2] For the error of the court in sustaining the demurrer to this defense the cause must be reversed. The demurrer to the second defense was proprly sustaind. The answer did not show that appellee had transacted any business in the state other than that in controversy, and in the case of Goode v. Colorado Investment Loan Co., 16 N. M. 461, 117 Pac. 856, it was held that the doing of a single act of business by a foreign corporation does not bring it within section 102, chapter 79, Laws 1905, providing that:

"Every foreign corporation, except banking, insurance and railroad corporations, before transacting any business in this territory, shall file in the office of the secretary of the territory a copy of its charter."

For the reasons stated, the judgment of the trial court will be reversed, with instructions to overrule the demurrer to appellant's first defense; and it is so ordered.

PARKER, J., concurs. HANNA, C. J., being absent, did not participate.