[No. 3211. Feb. 9, 1929.]

YOUNG v. KIDDER.

[275 Pac. 98.]

Bert D. Richards, of Las Cruces, for appellant.

Victor C. Moore, of El Paso, Tex., and R. L. Young, of Las Cruces, for appellee.

OPINION OF THE COURT

WATSON, J. Appellant sued appellee for a real estate commission, setting up a special contract by which appellee agreed to pay him 5 per cent. if he should procure a buyer for his farm at a certain price, setting up also that he did procure a buyer, and that appellee refused to sell at the price named. Appellant also pleaded that he was not a real estate broker or agent, licensed or otherwise, but was engaged in the business of farming. Appellee demurred to the complaint on the ground that, for want of license, the contract of employment was illegal, and the agreed compensation could not be recovered. The demurrer was sustained, and, upon failure of appellant to plead further, judgment was entered dismissing the complaint.

By Code 1915, § 3300, "all real estate * * * agents,. or those who buy and sell real estate on ·commission" are required to pay a license or occupation tax of $10 per annum. By section 3304 all persons subject to such license or occupation tax are required, "before doing business," to make out an application and pay the tax; and by section 3306 any person "who shall engage in or carry· on any business or avocation" for which a license is required, without having paid the tax, is taxed doubly, and a refusal to pay the tax after notice is made punishable as a misdemeanor.

It would not be profitable to review the many cases cited by counsel respectively. Most of them will be found in 4 R. C. L. 301 et seq., and 9 C. J. 565 et seq. The different courts have reached different conclusions upon the question, based upon varying statutes and other considerations. It has frequently been held, as said by both the foregoing texts, that one who is not a regular broker, but acts only in an isolated case, may recover upon a special contract under which he has earned a commission, though he may have failed to take out a license. We favor this doctrine as applicable to this case under our statute. It appears on the face of the complaint that appellant was not a real estate agent, was not doing, engaged in, or carrying on that business. Moreover we think we are committed to this doctrine by Goode et al. v. Loan Co., 16 N. M. 461, 117 P. 856, and Vermont Farm Mach. Co. v. Ash, 23 N. M. 647, 170 P. 741, where we held that a foreign corporation doing a single act of business was not "transacting business" within the meaning of Code 1915, § 986, requiring such corporations, "before transacting any business in this state," to file a copy of the charter, etc. Other considerations might, perhaps, lead to the same result, but we are content to rest it upon this ground.

Appellee contends that appellant is not in a position to urge any question here because he failed to take exception to the findings of fact and conclusions of law. The point does not seem to be well taken. There were no findings of fact or conclusions of law. A single proposition of law was raised in the lower court and ruled against appellant,

and he duly excepted.´ There was no failure to direct the court's attention to the error.

It follows that the judgment should be reversed, and the cause remanded, with direction to overrule the demurrer. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.