[No. 3562.   Oct. 31, 1931.]

YOUNG v. KIDDER.

[4 Pac. (2d) 922.]

See, also, 35 N. M. 20, 289 P. 69.

W. C. Whatley, of Las Cruces, for appellant.

W. A. Sutherland, of·Las Cruces, for appellee.

OPINION OF THE COURT

WATSON, J.

This is a second appeal.   The former is reported under the same title in 33 N. M. 654, 275 P. 98.   That opinion sufficiently discloses the nature of the case and the allegations of the complaint.

After reinstatement of the cause on the docket of the district court, defendant filed an answer generally denying the material allegations of the complaint.   The cause was tried to the court November 8, 1929.   It was reopened and further evidence received December 11.   On November 13 defendant filed requested findings.   Judgment was entered December 14, reciting that the court "doth find the issues for the plaintiff."   No other findings were made.   Defendant excepted generally to the judgment and prayed and was granted an appeal in open court.

In certifying the bill of exceptions, the trial judge states that he had no knowledge of the filing of the requested findings, and that the same had never been brought to his attention or passed upon.   Thereupon he ruled upon them nunc pro tunc, refusing all except the first.

The theory upon which appellant seeks to reverse the judgment is that the contract did not create an exclusive agency, that the agency could be revoked at any time before performance, and that it was thus revoked by a one-year lease of the property made by appellant to a third party.

The question of fact upon which we are here asked to pass was embodied in the requested findings and was decided adversely to appellant by the court's nunc pro tunc ruling.

Appellant does not press with confidence the contention that this ruling is not supported by substantial evidence. His real proposition is that, since he had requested specific findings, it was the court's duty to make specific findings disclosing the basis of fact and of law on which the judgment rests. He urges that it is impossible to determine from the record, whether the court really meant to find against the claim that a lease had been made, or considered only that the fact, if true, would be immaterial as matter of law. He cites Apodaca v. Lueras, 34 N. M. 121, 278 P. 197.

What we have said is sufficient to disclose that the case cited is not in point. The present case falls rather in the class of Bank of Commerce v. Baird Mining Co., 13 N. M. 425, 85 P. 970; Radcliffe v. Chavez, 15 N. M. 262, 110 P. 699, where it was held that the right to specific findings had been waived. Appellant stood by and saw judgment entered upon the general finding and took an appeal in open court, without calling his requested findings to the attention of the trial court. The fact that they had been on file with the clerk for a month is of no consequence. When the requested findings finally came to the judge's attention, it was only as matter of grace that he acted upon them so that this court might be in a position to review the question of fact.

The judgment will be affirmed, and the cause remanded. It is so ordered.

SADLER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.