320 P.2d 1016

Margaret JENSEN, Plaintiff-Appellant,

v.

Ernest R. ALLEN, Defendant-Appellee.

No. 6237.

Supreme Court of New Mexico.

Jan. 22, 1958.

H. O. Waggoner, Albuquerque, for appellant.

Iden & Johnson, R. G. Cooper, Albuquerque, for appellee.

KIKER, Justice.

The plaintiff below, Margaret Jensen, was a passenger in a car driven by one John Averitt on December 5, 1953. Plaintiff was riding in the front seat next to Averitt and there were no other passengers. They proceeded on Highway 10 bound for the Cedar Crest Inn. It was about sundown and Highway 10 was icy and slick. Mr. Averitt drove with his headlights on. Upon approaching the driveway to the Cedar Crest Inn, Mr. Averitt indicated his intention to turn into that driveway by causing the turn signal indicator on the car to be activated and also by extending his arm from the window in the accepted manner to indicate his intention to make the turn. A truck or other vehicle was following the Averitt car.

As the Averitt car entered the driveway, the car driven by the defendant came over a rise in the road from the opposite direction approximately 100 to 150 feet away. There was testimony indicating that the defendant was traveling at a rate of speed of 50 miles per hour. Being unable to stop, defendant crashed into the right side and center post of the Averitt car. As a result of the crash, plaintiff was thrown from the car and landed on her head.

On December 7, 1953, after sustaining constant pain since the night of the accident, plaintiff consulted a doctor in Albuquerque. The injury was diagnosed by the doctor as a whiplash injury and a cervical collar was prescribed. Physical therapy treatments were prescribed and in addition plaintiff performed exercises at home and used a heat lamp, all under doctor's orders.

Plaintiff brought an action in the district court of the second judicial district of Bernalillo County, suing to recover damages for personal injuries against the defendant.

Defendant offered no witnesses whatsoever and rested at the close of plaintiff's case for the reason that the defendant refused on behalf of his insurance carrier, to appear at all, he not being able to be subpoened as he was then located in Colorado.

Trial was had before a jury and verdict was returned in favor of the defendant. Plaintiff's motion for a new trial was denied, and appeal was taken.

Plaintiff relies upon three points for reversal. First, in its discretion to grant

or overrule a motion for a new trial, the court must, and it is its duty to set aside a verdict which is against the weight of the evidence. Second, where the verdict of the jury is contrary to the uncontradicted evidence, a court is in error when it denies a motion for a new trial. And, finally, an appellate court may interfere with the amount of a verdict for inadequacy in a proper case.

 While citing ample authority to support these propositions, appellant has not shown that the evidence in this case was of such a nature as to warrant the setting aside of the verdict for the reason that it was against the weight of the evidence or contrary to the uncontradicted evidence. The record discloses that there was ample evidence upon which the verdict of the jury could be based. This Court has adhered to the general rule of appellate practice that the weight of the evidence is not considered on appeal; rather, only if there is any substantial evidence to support the verdict in the court below. Davis v. Campbell, 52 N.M. 272, 197 P.2d 430.

As the third point relied upon for reversal, the appellant states that the appellate court may interfere with the amount of the verdict for inadequacy in a proper case. The general rule is stated in 15 Am. Jur. 388, § 3:

"To warrant the recovery of damages in any case, there must be a right of action for a wrong inflicted by the plaintiff therefrom. Wrong without damage, or damage without wrong does not constitute a cause of action."

In this case the jury found that there had been no wrong committed by the appellee. We have indicated that the verdict must stand. Absent a wrong there can be no damages. The judgment of the lower court should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.