382 P.2d 720

**J. H. SILVERSMITH, INC., a corporation,**
**Plaintiff-Appellant,**

**v.**

**Leland D. KEETER and Charles R. Marchiondo, Defendants-Appellees.**

**No. 7187.**

Supreme Court of New Mexico.

May 20, 1963.

Rehearing Denied June 28, 1963.

 

Wright & Kastler, Raton, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellees.

COMPTON, Chief Justice.

Appellant, a Colorado corporation, brought this action in New Mexico to recover on a promissory note executed by both appellees, also to recover of appellee Keeter on an open account.

Judgment was entered dismissing the complaint on the ground that since appellant corporation had been transacting business in this state, without being authorized to do so under the laws of New Mexico, it had no right to maintain the action and is barred from so doing. The appeal is from this judgment.

Section 51–10–4, N.M.S.A., 1953 Comp., provides that "Every foreign corporation, except banking, insurance and railroad corporations, before transacting any business in this state" shall file certain papers and follow certain procedures, upon compliance with which they shall be issued a certificate by the state corporation commission authorizing them to transact business within the state. Section 51–10–5 of the code provides that until such corporation shall have obtained said certificate it shall not maintain any action in this state upon any contract made by it in the state.

Appellant is a corporation organized in the State of Colorado as a general agent,

dealing exclusively in insurance agency business. In this capacity it represents various insurance companies which are duly licensed and authorized to transact business in New Mexico. Appellee Keeter was a casualty insurance agent, appointed in New Mexico by appellant to represent the companies for which appellant is general agent. The agency agreements by which Keeter was employed were made in the name of Keeter and the insurers but, in each case, were executed in New Mexico by Keeter and by appellant as general agent on behalf of the insurers. These agreements authorized Keeter to receive and accept proposals for insurance and to collect premiums and, within a specified time, to remit the amount of the premiums so collected, less his commission.

Two of the agreements call for accountings and payments to be made by Keeter to appellant in Colorado, and the other three call for them to be made directly to the insurer companies. However, there is no evidence of any payments having been made by Keeter directly to the insurer companies for premiums collected by him. To the contrary, the president of appellant corporation testified that the insurers require appellant to pay them whether or not it collects from Keeter. For this reason the named insurers disclaim interest in the present suit. The monies for which recovery is sought on the open account, and the monies for which the promissory note was executed in New Mexico by Keeter, and by appellee Marchiondo as accommodation maker, represent the amount of premiums collected by Keeter, less commission, not paid to appellant but found by the court below to be due and owing it. The above facts do not appear to be in dispute. The court's findings are attacked on the ground that they are contrary to the evidence and, in substance, erroneous conclusions of law.

Appellant relies upon several points for reversal. Appellant first argues that it is an "insurance corporation" and accordingly excepted by the express terms of § 51–10–4, supra, from complying therewith. Without considering this argument or ruling thereon, the question of whether the activities of appellant in New Mexico amounted to "transacting business" so as to bring it within the purview of the statute is to our minds the decisive question here present. There has not been pointed out to us, nor have we found, any case in which the precise factual situation involved here has been discussed or decided. We know from the record, however, that all of the insurance companies which appellant represented as general agent in Colorado were authorized to transact business in New Mexico. These companies as well as their local licensed agent, Keeter, were duly regulated by our insurance licensing and regulating statutes, Chapter 58, Article 5, Sections 1 to 49,

inclusive, N.M.S.A., 1953 Comp. The activities of appellant in New Mexico consisted in the selection and removal of local agents and the supervising of these agents insofar as production of business and collection of premiums was concerned for and on behalf of the insurers which were authorized to do business in New Mexico.

■ Appellant did not maintain an office in New Mexico; it did not solicit business for itself as a general agency independent of the companies licensed to do business here for which it acted, nor make separate contracts with local agents on its own behalf. Keeter was either expressly or impliedly authorized by the insurers in his agreements with them to remit the amount of premium monies due through appellant's office. In effect appellant's office was the same as the "office" of the insurers. Twin City Fire Ins. Co. v. Green (USCA 8th Cir.), 176 F.2d 532. We can make no distinction between the direct remittance of monies due to an insurance company and their remittance to a third party authorized to receive them on behalf of the companies. And there is no evidence of a contract between Keeter and appellant that would so integrate Keeter into appellant's corporate organization that it could be said Keeter was only the agent for appellant and not for the insurance companies which employed him.

■ We are not here concerned with the contractual obligations between appellant and the insurers outside of the State of New Mexico since insurance companies authorized to do business under the laws of this state, and complying therewith, cannot be prevented from employing or paying those whom they need for their businesses outside the state. Fidelity & Deposit Company of Maryland v. Tafoya, 270 U.S. 426, 46 S.Ct. 331, 70 L.Ed. 664. This court has recognized this customary practice in the field of insurance. Insurance, Inc. v. Furneaux, 62 N.M. 249, 308 P.2d 577. The appellant was directly responsible to the insurance companies it represented for business produced and premiums collected by the local agent, Keeter, who, in turn, became directly responsible to appellant for the remittance of premium monies due. The debtor-creditor relationship thus created arose out of the agency relationship between Keeter and the insurers and is but incidental to the transaction of their insurance business in New Mexico. It did not arise out of the transaction of business in New Mexico by appellant in its own corporate capacity. The appointment and removal of local agents or the collection of premiums for insurance written on behalf of licensed insurance companies by a nonresident insurance agency corporation does not constitute the "transaction of business" by that agency. See 17 Fletcher, Cyclo-

pedia of the Law of Private Corporations, 592, § 8476, and cases cited in note 47. Also compare Sterling Colorado Agency, Inc. v. Sterling Insurance Company (USCA 10th Cir.), 266 F.2d 472.

If the making and delivery of the promissory note in New Mexico could be said to constitute transacting business here, it is but a single act of business which this court has held would not bring a foreign corporation within its qualifying statutes. Goode v. Colorado Inv. Loan Co., 16 N.M. 461, 117 P. 856; Vermont Farm Mach. Co. v. Ash, 23 N.M. 647, 170 P. 741 and Young v. Kidder, 33 N.M. 654, 275 P. 98. And as to that portion of the action which is based on the open account we believe appellant stands in the same position as the insurers had the premium monies been due and owing directly to them.

Consequently, it follows that the trial court erred in its conclusion that appellant is barred from maintaining the action. Since these issues where fully litigated below, the judgment should be reversed and remanded to the court with direction to reinstate the case upon the docket and to enter judgment for the appellant.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.