855 P.2d 130

**The CADLE COMPANY, INC., Plaintiff–Appellant,**

v.

**WALLACH CONCRETE, INC., Defendant–Appellee.**

**No. 20734.**

Supreme Court of New Mexico.

June 8, 1993.

Cynthia A. Fry, Albuquerque, for appellant.

R.E. Richards, P.A., R.E. Richards, Gary Don Reagan, P.A., Mark Terrence Sanchez, Hobbs, for appellee.

## OPINION

FROST, Justice.

The decision filed herein March 23, 1993 is withdrawn and the following opinion is substituted therefor.

Plaintiff-appellant Cadle Company, Inc., a foreign corporation without a certificate of authority to do business in New Mexico, sued defendant-appellee Wallach Concrete, Inc., a New Mexico corporation, to recover on Wallach's alleged guarantee on a promissory note owned by Cadle. The district court dismissed Cadle's complaint for lack of jurisdiction pursuant to NMSA 1978, Section 53–17–20 (Repl.Pamp.1983), which requires foreign corporations that transact business in New Mexico to obtain a certificate of authority as a prerequisite to filing suit in this state. Because we find that Cadle was not required to obtain a certificate of authority under the New Mexico Business Corporation Act, NMSA 1978, Sections 53–11–1 to –18–12 (Repl.Pamp.1983 & Cum.Supp.1992), we reverse and remand for proceedings consistent with this decision.

Cadle is an Ohio corporation in the business of purchasing distressed bank loans from the FDIC, RTC, and other sources. Cadle purchased a large package of loans from the FDIC in California. The notes had originated in New Mexico. The purchase included Pete Garza's promissory note guaranteed by Wallach to First City National Bank of Hobbs.

Garza's loan being in default, Cadle sued Wallach in New Mexico district court to enforce Wallach's guarantee on the note. It is undisputed that Cadle does not have a certificate of authority to do business in this state. Based upon the record and the parties' briefs, Cadle's contacts with New Mexico appear limited to the following: ownership of the right to receive payment on loans to New Mexico corporations or individuals that originated from New Mexico banks, and legal action in New Mexico courts incident to debt collection. There is no evidence that Cadle makes purchases, employs regular personnel, keeps bank accounts, or owns or rents office or other property in this state.

Cadle contends that it is not required to have a certificate of authority to file suit in New Mexico courts because it does not transact business in New Mexico. Cadle argues that its activities do not constitute "transacting business in this state" under NMSA 1978, Section 53–17–1(H) (Repl.Pamp.1983), which exempts debt collection activities from the definition of "transacting business." Cadle argues further that even if Section 53–17–1(H) does not apply, its contacts with New Mexico are too minimal to constitute the transaction of business under the New Mexico Business Corporation Act and New Mexico case law applying its provisions.

In response, Wallach contends that this Court cannot consider Cadle's argument based upon the exception of Section 53–17–1(H) because by neglecting to mention Section 53–17–1(H) specifically in the district court proceeding, Cadle failed to preserve this issue for appeal. Wallach also maintains that the district court's implicit conclusion that Cadle's activities in New Mexico constitute the transaction of business is supported by substantial evidence and must therefore be affirmed. Cadle allegedly transacts business in New Mexico by enforcing numerous debt obligations here.

Under Section 53–17–20(A), sometimes called a "closed-door statute" because it closes the doors of state courts to noncomplying corporations, "[n]o foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until the corporation has obtained a certificate of authority." By its own terms, the closed-door statute only applies to corporations "transacting business in this state." Section 53–17–1 restricts the applicability of the closed-door statute by excluding certain

activities from the scope of those pursuits considered "transacting business" under the Business Corporation Act. Section 53–17–1 states in pertinent part:

> [A] foreign corporation shall not be considered to be transacting business in this state, for the purposes of the Business Corporation Act, by reason of carrying on in this state any one or more of the following activities:
>
> A. maintaining or defending any action or suit ... or effecting the settlement thereof or the settlement of claims or disputes:
>
> . . . .
>
> G. creating as borrower or lender, or acquiring, indebtedness or mortgages or other security interest in real or personal property;
>
> H. securing or collecting debts or enforcing any rights in property securing them[.]

Because Cadle's activities in New Mexico fall within the exception of Section 53–17–1(H), Cadle is not "transacting business" in New Mexico and is not required to obtain a certificate of authority to access New Mexico courts. Since a loan guarantee becomes an enforceable debt upon default of the principal debtor, Cadle's suit to enforce Wallach's guarantee on Garza's defaulted obligation clearly constitutes debt collection within the Section 53–17–1(H) exception to the closed-door statute.

■ Wallach's claim that Cadle transacts business in New Mexico by enforcing its numerous debt obligations here is invalid because both the isolated acts of debt collection, see Section 53–17–1(H), and filing suit, see Section 53–17–1(A), are excluded from the definition of transacting business under Section 53–17–1. Absent these activities, Cadle's only contact with New Mexico is its ownership of the right to receive payment on loans to New Mexico corporations or individuals that originated from New Mexico banks. Such contact is far too remote to constitute "transacting business in this state" under our precedents assessing whether particular foreign corporations were "transacting business" under our closed-door statute. *See, e.g., Cessna Fin.*

*Corp. v. Mesilla Valley Flying Serv., Inc.,* 81 N.M. 10, 12–13, 462 P.2d 144, 146–48 (1969), *cert. denied,* 397 U.S. 1076, 90 S.Ct. 1521, 25 L.Ed.2d 811 (1970); *J.H. Silversmith, Inc. v. Keeter,* 72 N.M. 246, 249–50, 382 P.2d 720, 722–23 (1963); *Riblet Tramway Co. v. Monte Verde Corp.,* 453 F.2d 313, 317–18 (10th Cir.1972) (applying New Mexico law).

■ Wallach's claim that Cadle neglected to preserve for appeal its argument based on Section 53–17–1(H) also fails. *See* SCRA 1986, 12–216 (Repl.Pamp.1992). It is clear that "theories, defenses, or other objections will not be considered when raised for the first time on appeal," *Wolfley v. Real Estate Comm'n,* 100 N.M. 187, 189, 668 P.2d 303, 305 (1983), and that our appellate courts will not consider questions on which a ruling by the district court has not been fairly invoked, SCRA 1986, 12–216; *In re Will of Skarda,* 88 N.M. 130, 136, 537 P.2d 1392, 1398 (1975). It is also clear that we must construe statutes in their entirety, reading all parts of an act together. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). These rules mandate our conclusion that because Cadle did argue to the district court that it was not transacting business under the Business Corporation Act and the district court implicitly ruled on this question by dismissing Cadle's complaint, Cadle may argue on appeal that a section of the Act not expressly cited below, Section 53–17–1(H), establishes that it is not transacting business under the Act.

For the foregoing reasons, we reverse the decision of the district court and remand for proceedings consistent herewith.

**IT IS SO ORDERED.**

RANSOM, C.J., and MONTGOMERY, JJ., concur.